KOCH & SCOW, LLC                                      E-Filed on 5-9-2014
Steven B. Scow, Nev. Bar No. 9906
E-mail:  sscow@kochscow.com
David R. Koch, Nev. Bar No. 8830
E-mail:  dkoch@kochscow.com
11500 S. Eastern Ave., Suite 210
Henderson, Nevada 89052
Tel:  702-318-5040
Fax:  702-318-5039

Attorneys for
PRIMA PROPERTY 2010, LLC

## UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No.:  13-20691-LED |
| John G. Woodrum (Deceased) and Ellen Marie Woodrum, | Chapter 13 |
| Debtors. | **MOTION FOR RELIEF FROM AUTOMATIC STAY** |
| | Hearing Date:  6/10/2014<br>Hearing Time:  2:00 p.m. |

Creditor Prima Property 2010, LLC ("Prima Property") hereby moves for relief from the automatic stay to obtain possession of the Debtors' interest in that certain nonresidential vacant parcel located in Lake Las Vegas, APN 160-22-222-006 (the "Property").  This Motion is made and based upon the attached Memorandum of Points and Authorities, the attached Declaration of Steven R. Scow in support of the Motion, the record in this case, and any arguments and evidence presented at or prior to the hearing on this Motion.  The Section 362 Information Sheet is attached as Exhibit "A".
A proposed order is attached as Exhibit "B".

Dated:  May 9, 2014

                                   KOCH & SCOW, LLC

                    By: _____ /s/ Steven B. Scow _____
                                   Steven B. Scow (Nev. Bar No. 9906)
                                   11500 S. Eastern Ave., Ste. 210
                                   Henderson, Nevada 89052

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    FACTUAL BACKGROUND.**

In or around 2006, John G. Woodrum and Ellen M. Woodrum (the "Debtors"), though their family trust The Woodrum Family Trust dated January 19, 1999, contributed $500,000 toward a loan secured by a deed of trust on a vacant 10-acre parcel of land in Lake Las Vegas, APN 160-22-222-006 (the "Property").  The total contributions towards the loan on the Property at that time were $13.5 million, so the Debtors ownership percentage in the loan was 3.7037%. [Declaration of Steven R. Scow ("SRS Decl."), ¶ 2.] The development on the Property failed, so the beneficiaries of the deed of trust, which beneficiaries were comprised of about 147 individuals/trusts/households, including the Debtors, foreclosed and became the owners of the Property.  [SRS Decl., ¶ 2.]

The Property did not produce income because it was raw land, so property taxes, homeowners' assessments, and other related expenses began to accrue.  In 2010, the owners of the Property requested a loan from the members of Prima Property 2010, LLC ("Prima Property") to pay the ongoing costs.  [SRS Decl., ¶ 3.]  As of May 1, 2014, over $1,671,487 has been advanced (the "Loan") by Prima Property to pay the real property taxes and homeowners' assessments.  The Loan was secured by a Deed of Trust (the "Deed of Trust") that was recorded against the Property on April 29, 2011.  [Scow Decl., ¶ 4, Ex. C.]

At the time the Debtors contributed their funds in 2006, the Property was appraised at $30 million since the 10-acre parcel was zoned and intended to be used for the development of a 240-unit condominium complex at Lake Las Vegas.  Unfortunately, the real estate market collapsed and the zoning has since expired.  [SRS Decl., ¶ 5.] While preparing to foreclose, Prima Property obtained a broker opinion of value (the "BOV") in the fourth quarter of 2013, and pursuant to the BOV the Property is valued at approximately $842,400.  [SRS Decl., ¶ 6, Ex. D.]  Applying the Debtors' 3.7037% interest in the Property, the Debtors' interest is worth about $31,200.

The ownership group, of which Debtors are a part, have defaulted on the Loan, and the entire outstanding balance of principal, interest, late charges and other fees and costs are now due and owing.  [SRS Decl., ¶ 7.]

Prima Property wishes to exercise its nonbankruptcy remedies against the Property.  [SRS Decl., ¶ 8.]   The instant case, however, prevented foreclosure because of the automatic stay as it applies to Debtors' 0.037% interest of the Property.  Compared to the balance of the Loan, the Debtors' interest is a de minimis amount and Prima Property believes that the Debtors and the Chapter 13 Trustee have abandoned their interest in the Property, but Prima Property is seeking relief from the automatic stay out of an abundance of caution. [SRS Decl., ¶ 8.]  The Debtors did not even list their interest in the Property on their Schedules.

Prima Property's security interest in the Property is properly perfected.  Prima Property continues to hold all right, title and interest to the Loan and the Deed of Trust as it has not assigned its rights away.  [SRS Decl., ¶ 9.]

As of May 1, 2014, the following amounts are due and owing to Prima Property under the Loan: over $1,671,487 in advanced funds, and more than $750 in legal and foreclosure related fees related to this action.  [SRS Decl., ¶ 10.]  Interest on the Loan continues to accrue.  [SRS Decl., ¶ 10.]

II.    **LEGAL ARGUMENTS.**

Prima Property is seeking relief under Section 362(d) of the Bankruptcy Code.  In the current situation, relief is available under 362(d)(1) and (2).  The Debtors have the burden of proof regarding whether claims are adequately protected and whether the Property is necessary to an effective reorganization.  *In re Sun Valley Ranches, Inc.*, 823 F.2d 1373, 1376 (9th Cir. 1987).

A.    **Cause exists to lift the stay under Section 362(d)(1).**

As a preliminary matter, the Debtors have not even accounted for their interest in the Property in their Schedules.  Prima Property believes this is because of the de minimis value of the Debtors' interest.  Based upon the BOV, Prima Property believes the

Property is worth approximately $842,400, though the Debtors' interest is limited to $31,200.  The Debtors have not provided for adequate protection to Prima Property.

Section 362(d)(1) requires relief from the automatic stay when "the debtor is not providing adequate protection to the creditor's interest in the property."  *In re Nattchase Assocs. Ltd. Partnership*, 178 B.R. 409, 416 (Bankr. E.D. Va. 1994).  Without any adequate protection, the stay should be lifted.

**B.     The Debtors do not have equity in the Property and the Property is not necessary for an effective reorganization.**

Because the Debtors do not even account for their interest in the Property, their interest is not necessary for an effective reorganization.  Moreover, there is no equity in the Property.  Without any equity in the Property, and without the need for the Debtors' interest in the Property to confirm a plan, Prima Property should receive relief under Section 362(d)(2).

**III.    CONCLUSION.**

For the reasons stated above, the stay should be lifted and Prima Property should be permitted to exercise its non-bankruptcy remedies against the Property, including the Debtors' interest in the Property.


Dated:  May 9, 2014

                              KOCH & SCOW, LLC

                    By: _____ */s/ Steven B. Scow* _____
                              Steven B. Scow (Nev. Bar No. 9906)
                              11500 S. Eastern Ave., Ste. 210
                              Henderson, Nevada 89052
                              Attorneys for Prima Property 2010, LLC

**DECLARATION OF STEVEN R. SCOW**

I, Steven R. Scow, do hereby swear under penalty of perjury that the following assertions are true to the best of my personal knowledge and belief. I am over the age of 18, and competent to testify.

1.     I am a member of Prima Property 2010, LLC ("Prima Property"), and I am familiar with the facts and circumstances surrounding the obligations owed to Prima Property by John G. Woodrum and Ellen M. Woodrum (the "Debtors"), though their trust The Woodrum Family Trust dated January 19, 1999. If called upon to testify, I could and would testify competently to the facts herein.

2.     Back in 2006, the Debtors contributed $500,000 toward a loan secured by a deed of trust on a vacant 10-acre parcel of land in Lake Las Vegas, APN 160-22-222-006 (the "Property"). The total contributions towards the loan on the Property at that time were $13.5 million, so the Debtors ownership percentage is 3.7037%. The development on the Property failed, so the beneficiaries of the deed of trust, which beneficiaries were comprised of about 147 individuals/trusts/households, including the Debtors, foreclosed and became the owners of the Property.

3.     The Property did not produce income because it was raw land, so property taxes, homeowners' assessments, and other related expenses began to accrue. In 2010, the primary owners of the Property requested a loan from the members of Prima Property to pay the ongoing costs.

4.     At present, over $1,671,487 has been advanced (the "Loan") by Prima Property to pay the real property taxes, homeowners' assessments, and other expenses. The Loan was secured by a Deed of Trust (the "Deed of Trust") recorded against the Property on April 29, 2012. A true and correct copy of the Deed of Trust is attached as Exhibit "C".

5.     At the time the Debtors contributed their funds, the Property was appraised at $30 million since the 10-acre parcel was zoned and intended to be used for the development of a 240-unit condominium complex at Lake Las Vegas. Unfortunately, the

real estate market collapsed and the zoning has since expired.

6.     Prima Property obtained a broker opinion of value (the "BOV") in the fourth quarter of 2013 as we have been preparing to move forward with foreclosure on the Property.  Pursuant to the BOV the Property is valued at approximately $842,400, so the Debtors interest is worth approximately $31,200.

7.     The ownership group, of which Debtors are a part, have defaulted on the Loan, and the entire outstanding balance of principal, interest, late charges and other fees and costs are now due and owing.

8.     Prima Property wishes to exercise its nonbankruptcy remedies against the Property, and Prima Property is seeking relief from the automatic stay out of an abundance of caution.

9.     Prima Property continues to hold all right, title and interest to the Loan and the Deed of Trust as it has not assigned its rights away.

10.    As of May 1, 2014, the following amounts are due and owing to Prima Property under the Loan: over $1,671,487 in advanced funds, and more than $750 in legal and foreclosure related fees related to this action.  Interest on the Loan continues to accrue.

I declare under penalty of perjury per the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Dated:  May 9, 2014

_____ /s/ Steven R. Scow _____
STEVEN R. SCOW

EXHIBIT "A"

EXHIBIT "A"

## * * § 362 INFORMATION COVER SHEET * *

| | |
|---|---|
| John G. & Ellen Marie Woodrum | 13-20691 |
| **DEBTOR** | Case No:           MOTION #: |
| Prima Property 2010, LLC | CHAPTER: 13 |
| **MOVANT** | |

### Certification of Attempt to Resolve the Matter Without Court Action:

Moving counsel hereby certifies that pursuant to the requirements of LR 4001(a)(2), an attempt has been made to resolve the matter without court action, but movant has been unable to do so.

Date: May 9, 2014

Signature: _____

Attorney for Movant

PROPERTY INVOLVED IN THIS MOTION: Vacant lot at Lake LV; APN 160-22-222-006

NOTICE SERVED ON: Debtor(s) [✓] ; Debtor's counsel [✓] ; Trustee [✓] ;

DATE OF SERVICE: May 9, 2014

| MOVING PARTY'S CONTENTIONS: | DEBTOR'S CONTENTIONS: |
|---|---|
| The EXTENT and PRIORITY of LIENS: | The EXTENT and PRIORITY of LIENS: |
| 1st $1,671,487 | 1st _____ |
| 2nd _____ | 2nd _____ |
| 3rd _____ | 3rd _____ |
| 4th _____ | 4th _____ |
| Other: _____ | Other: _____ |
| Total Encumbrances: $1,671,487 | Total Encumbrances: _____ |
| APPRAISAL of OPINION as to VALUE: | APPRAISAL of OPINION as to VALUE: |
| Property value worth appx $842,400, and Debtors' interest worth appx $31,200 | |

| TERMS of MOVANT'S CONTRACT with the DEBTOR(S):: | DEBTOR'S OFFER of "ADEQUATE PROTECTION" for MOVANT : |
|---|---|
| Amount of Note: $1,671,487 | • |
| Interest Rate: 12% (default rate of 16%) | • |
| Duration: _____ | • |
| Payment per Month: _____ | • |
| Date of Default: May 2010 | • |
| Amount in Arrears: $1,671,487 | • |
| Date of Notice of Default: _____ | • |
| SPECIAL CIRCUMSTANCES: | SPECIAL CIRCUMSTANCES: |
| Debtors own only 3.7037% interest in the underlying raw land ⊞ | |
| SUBMITTED BY: _____ Steven B. Scow | SUBMITTED BY: _____ SIGNATURE: _____ |

EXHIBIT "B"

EXHIBIT "B"

1

2

3

4

5

6

7   KOCH & SCOW, LLC
    Steven B. Scow, Nev. Bar No. 9906
8   E-mail:  sscow@kochscow.com
    David R. Koch, Nev. Bar No. 8830
9   E-mail:  dkoch@kochscow.com
    11500 S. Eastern Ave., Suite 210
10  Henderson, Nevada 89052
    Tel:  702-318-5040
11  Fax:  702-318-5039

12
    Attorneys for Prima Property 2010, LLC
13
                    UNITED STATES BANKRUPTCY COURT
14
                    FOR THE DISTRICT OF NEVADA
15

16  In re:                              Case No.:  13-20691-LED

17  John G. Woodrum (Deceased) and      Chapter 13
    Ellen Marie Woodrum,
18                                       **ORDER GRANTING MOTION FOR**
            Debtors.                     **RELIEF FROM AUTOMATIC STAY**
19

20                                       Hearing Date:   6/10/2014
                                         Hearing Time:   2:00 p.m.
21

22

23          On June 10, 2014, the Court conducted a hearing on the *Motion for Relief from Stay*

24  (the "Motion") filed on May 9, 2014 by Prima Property 2010, LLC ("Prima Property").

25  Appearances of counsel were noted on the record at the hearing.

26          Having considered the Motion, all pleadings submitted by the parties, any

27  arguments of counsel, and good cause appearing,

28

IT IS HEREBY ORDERED that Prima Property is entitled to relief from the automatic stay as requested in the Motion, in that the automatic stay is terminated and Prima Property is permitted to proceed with its non-bankruptcy remedies, including taking possession of the nonresidential vacant parcel located in Lake Las Vegas, APN 160-22-222-006 (the "Property").

IT IS FURTHER ORDERED that Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure is not applicable allowing Prima Property to immediately enforce and implement this Order.

Prepared and Submitted by:

__/s/ Steven B. Scow_____
Steven B. Scow
Koch & Scow, LLC
Attorneys for Prima Property 2010, LLC

In accordance with LR 9021, counsel submitting this document certifies as follows (check one):

___ The court has waived the requirement set forth in LR 9021(b)(1).

___ No party appeared at the hearing or filed an objection to the motion.

___ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

___ I certify that this is a case under chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

# # #

EXHIBIT "C"

EXHIBIT "C"

Inst #: 201104290003278
Fees: $58.00
N/C Fee: $25.00
04/29/2011 02:32:10 PM
Receipt #: 759244
Requestor:
OLD REPUBLIC TITLE COMPANY
Recorded By: TAH  Pgs: 45
DEBBIE CONWAY
CLARK COUNTY RECORDER

APN: 160-22-222-006

Title Order No. 5//300.3233
Escrow No.
Loan # 80738

**WHEN RECORDED MAIL TO:**
PRIMA PROPERTY 2010, LLC
736 Emden Street
Henderson, NV 89015
**MAIL TAX STATEMENTS TO:**
736 Emden Street
Henderson, NV 89015

*SPACE ABOVE THIS LINE IS FOR RECORDER'S USE*

### DEED OF TRUST AND ASSIGNMENT OF RENTS

**THIS DEED OF TRUST,** made this 8th day of April, 2010, between See Exhibit "B" attached hereto and made a part hereof, herein called TRUSTOR, whose address is c/o 3259 E. Warm Springs Rd, Las Vegas, NV 89120, Old Republic Title Company of Nevada, a Nevada corporation, herein called, TRUSTEE, and PRIMA PROPERTY 2010, LLC, a Nevada limited liability company, herein called BENEFICIARY, whose address is 736 Emden Street , Henderson, NV 89015.

**Witnesseth:** That Trustor IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS TO TRUSTEE IN TRUST, WITH POWER OF SALE, that property in Clark County, Nevada, described as:

See "Exhibit A" attached hereto and made a part hereof.

and commonly known as: APN: 160-22-222-006, Henderson, NV 89002

**"Pursuant to Nevada Assembly Bill 513, which became effective on May 29, 2009, the following names and entities shown herein on pages 1 through 26, inclusive represent more than 51% of the record fee title holder who acquired title to the subject property through foreclosure. The Trustee's Deed was recorded on October 29, 2007 in Book 20071029 as Document No. 0000583, of Official Records, Clark County, Nevada"**

**Together with** the rents, issues and profits thereof, SUBJECT, HOWEVER, to the right, power and authority hereinafter given to and conferred upon Beneficiary to collect and apply such rents, issues and profits.

**For the Purpose of Securing:** 1. Performance of each agreement of Trustor herein contained. 2. Payment of the indebtedness evidenced by one promissory note of even date herewith, and any extension or renewal thereof, in the principal sum of $563,100.00 executed by Trustor in favor of Beneficiary or order. 3. Payment of such further sums as the then record owner of said property hereafter may borrow from Beneficiary, when evidenced by another note (or notes) reciting it is so secured.

**To Protect the Security of This Deed of Trust and with respect to the property described herein, Trustor Agrees:** By the execution and delivery of this Deed of Trust and the note secured

Deed of Trust and Assignment of Rents                                                                                          1

hereby, Trustor expressly makes each and all of the agreements, and adopts and agrees to perform and be bound by each and all of the terms and provisions set forth herein.

Trustor agrees:

1. To properly care for and keep said property in good condition and repair; not to remove or demolish any building thereon; to complete in a good and workmanlike manner any building which may be constructed thereon, and to pay when due all claims for labor performed and materials furnished therefore; to comply with all laws, ordinances and regulations requiring any alterations or improvements to be made thereon; not to commit or permit any waste thereof; not to commit, suffer or permit any act to be done in or upon said property in violation of law; to cultivate, irrigate fertilize, fumigate, prune and/or do any other act or acts, all in a timely and proper manner, which, from the character or use of said property, may be reasonably necessary, the specific enumerations herein not excluding the general.

2. To pay all costs and expenses, including cost of evidence of title and Trustee's fees in connection with sale, whether completed or not, that shall become due upon delivery to Trustee of declaration of default and demand for sale as hereinafter provided.

3. To provide, maintain and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary. The amount collected under any fire of other insurance policy may be applied by Beneficiary upon any indebtedness secured hereby and in such order as Beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor. Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

4. To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; and to pay attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee, may appear, and in any suit brought by Beneficiary to foreclose this Deed of Trust.

5. To pay: at least 10 days before the delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock; when due, all encumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior or superior hereto; all costs, fees and expenses of this Trust. Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may:  make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof, Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action or proceeding purporting to affect the security hereto or the rights or powers of Beneficiary to Trustee; pay, purchase, contest or compromise any encumbrance, charge or lien that in the judgment of either appear to be prior or superior hereto; and, in exercising any such powers, pay necessary expenses, employ counsel and pay his reasonable fees.

6. To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the amount allowed by law in effect at the date hereof, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.

Deed of Trust and Assignment of Rents

8. Trustee shall be under no obligation to notify any party hereto of any pending sale hereunder or of action or proceeding of any kind in which Trustor, Beneficiary and/or Trustee shall be named as defendant, unless brought by Trustee.

9. Acceptance by Beneficiary of any sum in payment of indebtedness secured hereby, after the date when the same is due, shall not constitute a waiver of the right either to require prompt payment, when due, of all other sums so secured or to declare default as herein provided for failure so to pay.

10. Trustee may, at any time, or from time to time, without liability therefore and without notice, upon written request of Beneficiary and presentation of this Deed of Trust and the note(s) secured hereby for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby or the effect of this Deed of Trust upon the remainder of said property: reconvey any part of said property; consent in writing to the making of any map or plat thereof; join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge hereof.

11. After the debt secured by this deed of trust is paid or otherwise satisfied or discharged, and upon receipt of a properly executed request to reconvey and the Trustee's fees, the Trustee shall, within the time provided by law, cause to be recorded a reconveyance of the deed of trust. If the Beneficiary delivers the original note and deed of trust to the Trustee or the Trustee has those documents in his possession, the Trustee shall deliver those documents to the Trustor.

12. As additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable. Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his own name sue for collection, including reasonable attorney's fees, upon any indebtedness secured hereby, and in such order as Beneficiary may determine. The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

13. Should default be made by Trustor in payment of any indebtedness secured hereby and/or in performance of any agreement herein, Beneficiary may declare all sums secured hereby immediately due and Beneficiary or Trustee may execute and record in the office of the recorder of the county wherein the trust property, or some part thereof, is situated, a notice of default and election to sell.

14. After the lapse of such time as may then be required by law following recordation of any such notice of default and election to sell and notice having been given as then required by law, Trustee shall sell said property at such time and at such place as stated in the notice of sale having first given notice of such sale as then required by law. Place of sale shall be at the courthouse or public location designated for that purpose as required by law. The Trustor, Pledgor and Mortgagor of the personal property herein pledged and/or mortgaged waives any

courthouse or public location designated for that purpose as required by law. The Trustor, Pledgor and Mortgagor of the personal property herein pledged and/or mortgaged waives any

and all other demands or notices as conditions precedent to sale of such personalty. Trustee may postpone sale of all, or any portion, of said property by public announcement at the time fixed by said notice of sale, and may thereafter postpone said sale as allowed by law by public announcement at the time previously appointed. At the time of sale so fixed, Trustee may sell the property so advertised or any part thereof, either as a whole or in separate parcels at its sole discretion at public auction, to the highest bidder for cash in lawful money of the United States, payable at time of sale, and shall deliver to such purchaser a deed conveying the property so sold, but without covenant or warranty, express or implied. Trustor hereby agrees to surrender, immediately and without demand, possession of said property to such purchaser.

15. After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title and Trustee's fee in connection with sale, Trustee shall apply the proceeds of sale to payment of: all sums expended under the terms hereof, not then repaid, with accrued interest in the amount allowed by law in effect at the date hereof, all other sums then secured hereby, and the remainder, if any, to the person or persons legally entitled thereto.

16. Beneficiary, or any successor in ownership of any indebtedness secured hereby, may, at any time, by instrument in writing, appoint a successor or successors to the Trustee named herein or acting hereunder, which instrument, executed and acknowledged by Beneficiary, and recorded in the Office of the County Recorder of the County or Counties wherein said property is situated, shall be conclusive proof of the proper substitution of such successor or Trustee, who shall have all the estate, powers, duties and trusts in the premises vested in or conferred on the original Trustee. If there be more than one Trustee, either may act alone and execute the Trusts upon the request of the Beneficiary and his acts shall be deemed to be the acts of all Trustees, and the recital in any conveyance executed by such sole trustee of such request shall be conclusive evidence thereof, and of the authority of such sole Trustee to act.

17. This Deed of Trust applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns.

18. Trustee accepts these trusts when this Deed of Trust, duly executed and acknowledged, is made public record as provided by law.

19. In this Deed of Trust, whenever the context so requires, the masculine gender includes the feminine and/neuter, and the singular number includes the plural, and the term Beneficiary shall include any future holder, including pledges, of the note secured hereby.

The undersigned Trustor requests that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to him at his address hereinbefore set forth.

____SEE ATTACHED EXHIBIT"C" SIGNATURE
        PAGES 1 THROUGH 26

## EXHIBIT A

The land referred to is situated in the County of Clark, City of Henderson, State of Nevada, and is described as follows:

Common Area A1 of Prima at Lake Las Vegas - Phase 3, a common interest community, as shown by map thereof on file in Book 132 of Plats, Page 15, in the Office of the County Recorder of Clark County, Nevada.

5

# EXHIBIT "B"

(TRUSTORS)

EXHIBIT "B"

TRUSTORS:

Access Insurance Services Inc., a Nevada corporation as to an undivided 250,000/13,500,000;

Anne Abrams, an unmarried woman as to an undivided 60,000/13,500,000;

The Annette Finesilver Living Trust dated November 10, 2004, Annette Finesilver, Trustee and Sherman G. Finesilver, Trustee as to an undivided 50,000/13,500,000;

Anton Trapman, an unmarried man as to an undivided 44,000/13,500,000;

First Savings Bank, Custodian for the funds of the Anton Trapman, IRA as to an undivided 90,000/13,500,000;

First Savings Bank, Custodian for the funds of the Anton Trapman, Roth IRA as to an undivided 9,200/13,500,000;

Barbara Cook, a married woman as her sole and separate property as to an undivided 5,000/13,500,000;

Jim Beck and Becky Beck, husband and wife together as joint tenants as to an undivided 25,000/13,500,000;

Brent J. Bell and Suzanne M. Bell Family Trust dtd 1/23/02 Brent J. Bell, Trustee and Suzanne M. Bell, Trustee as to an undivided 75,000/13,500,000;

Bell United Insurance Company, Brent Bell, President as to an undivided 1,000,000/13,500,000;

Bernie Naiman and Roberta T. Naiman, husband and wife together as joint tenants as to an undivided 200,000/13,500,000;

Blaire E. Simpson Trust dated April 7, 1989, Blaire E. Simpson, Trustee as to an undivided 10,000/13,500,000;

Brenda Mallen, an unmarried woman as to an undivided 10,000/13,500,000;

Bruce W Bettridge and Lola Marie Bettridge, Trustees of the B & L Family Trust dated April 11, 2003 as to an undivided 25,000/13,500,000

Bryzek Family Trust u/d/t dated November 15, 1996, Janusz Bryzek, Trustee and Barbara Bryzek, Trustee as to an undivided 100,000/13,500,000;

Buckler Family Limited Partnership, Robert J. Buckler, General Partner as to an undivided 155,000/13,500,000;

Carol D. Hughes, a married woman as her sole and separate property as to an undivided 40,000/13,500,000;

Carol J. Sprague-Newman, a married woman as her sole and separate property as to an undivided 10,000/13,500,000;

Carole S. Bell Trust dated April 1, 2004, Carole S. Bell, Trustee as to an undivided 50,000/13,500,000;

Cary Ginter and Robin Ginter, husband and wife together as joint tenants as to an undivided 25,000/13,500,000;

Cathy P. Neistat, a married woman as her sole and separate property as to an undivided 50,000/13,500,000;

Charles J. Eisen and Eleanor R. Eisen, husband and wife together as joint tenants as to an undivided 100,000/13,500,000;

Christopher and Rosemary Erlanger, husband and wife together as joint tenants as to an undivided 30,000/13,500,000;

Chu Family Trust, dated August 12, 2002, Bonnie W. Chu, Trustee as to an undivided 100,000/13,500,000;

Constance P. Pitchford, a married woman as her sole and separate property as to an undivided 25,000/13,500,000;

The Courtney Genser Irrevocable Trust dtd 6/1/92, Thomas D. Owen, Trustee as to an undivided 10,000/13,500,000;

Crupi Living Trust dated March 27, 2002, Paul Crupi, Trustee and Elaine Crupi, Trustee as to an undivided 166,200/13,500,000;

Crystal Cargal Irrevocable Special Needs Settlement Trust dated August 31, 2006, Steven R. Scow, Trustee as to an undivided 200,000/13,500,000;

Daniel D. Newman Trust, dated November 1, 1992, Daniel D. Newman, Trustee as to an undivided 10,000/13,500,000;

B-2

David A. Minsberg, a married man as his sole and separate property as to an undivided 60,000/13,500,000;

David A. Zinger Amended and Restated Revocable Trust dated June 21, 2001, David Zinger, Trustee, and Zipora Zinger, Trustee as to an undivided 60,000/13,500,000;

David L. Kaufman and Nancy N. Kaufman, husband and wife together as joint tenants as to an undivded 100,000/13,500,000;

First Savings Bank, Custodian for the funds of the David Stoebling, IRA as to an undivided 100,000/13,500,000;

Deborah L. Muha, an unmarried woman as to an undivided 10,000/13,500,000;

John Dennis Manzonie, a married man as his sole and separate property as to an undivided 100,000/13,500,000;

Diane Grossman Aranson Revocable Family Trust dtd 8/26/05, Diane Grossman Aranson, Trustee and Jeffrey Grossman, Trustee as to an undivided 100,000/13,500,000;

Dixie Willis, an unmarried woman as to an undivided 10,000/13,500,000;

Survivor's Trust of the Alan G. & Patty J. Dondero Revocable Trust of 1992, Alan G. Dondero, Trustee as to an undivided 80,000/13,500,000;

Donna Cillo, an unmarried woman as to an undivided 25,000/13,500,000;

Dorothy Silver Family Trust, dated May 4, 2000, Dorothy Silver, Trustee as to an undivided 10,000/13,500,000;

Doyle Family Trust dated July 17, 2003, Bonnie W. Chu, Trustee as to an undivided 100,000/13,500,000;

Joseph Chenin Chartered Profit Sharing Trust dated, Dr. Joseph Chenin, Trustee as to an undivided as to an undivided 25,000/13,500,000;

Dr. Joseph Chenin Chartered Profit Sharing Plan dated September 10, 2003 as to an undivided 40,000/13,500,000;

The David Eastman and Ann Eastman Family Trust dated December 9, 1991, David Eastman and Ann Eastman, Trustees as to an undivided 120,000/13,500,000;

B-3

Edwards Family Trust, dated December 16, 1998, William Terry Edwards, Trustee and William T. Edwards, Trustee as to an undivided 100,000/13,500,000;

EGE Living Trust dated October 11, 2005, John Egidio, Trustee as to an undivided 75,000/13,500,000;

Eric T. Aitken and Kimberly H. Aitken, husband and wife together as joint tenants as to an undivided 15,000/13,500,000;

Erlanger Family Trust dated September 6, 2007, Christopher C. Erlanger and Rosemary K. Erlanger, Trustees as to an undivided 67,800/13,500,000;

Eugene D. Clark Family Trust, dated April 26, 2002, Eugene D. Clark, Trustee as to an undivided 30,000/13,500,000;

The Frederick L. Maffeo Revocable Trust dated March 1, 2004, Frederick J. Maffeo, Trustee as to an undivided 25,000/13,500,000;

Gabor Kuti, a married man as his sole and separate property as to an undivided 50,000/13,500,000;

Gale Ebert, an unmarried woman as to an undivided 25,000/13,500,000;

Garrett B. Logan, an unmarried man as to an undivided 25,000/13,500,000;

First Savings Bank Custodian of the funds for the Gary I. Miller, IRA as to an undivided 14,000/13,500,000;

Gerald A. and Dorothy L. Heiner Trust, Gerald A. Heiner and Dorothy L. Heiner, Trustees as to an undivided 200,000/13,500,000;

Gerald N. Favinger, a married man as his sole and separate property as to an undivided 34,000/13,500,000;

Gilles Marchand and Chiyoko Marchand, husband and wife together as joint tenants as to an undivided 20,000/13,500,000;

Greg S. Chudacoff and Joy J. Chudacoff, husband and wife together as joint tenants as to an undivided 75,000/13,500,000;

H. Michael Gach, an unmarried man as to an undivided 5,000/13,500,000;

B-4

Harold F. Rosen and Marjorie D. Rosen, husband and wife together as joint tenants as to an undivided 50,000/13,500,000;

Harry Zvi Shadmi, a married man as his sole and separate property as to an undivided 25,000/13,500,000;

Michael G. Hollingshead, DDS. Ltd. 401-K fbo Andrea Glenn, Trustee as to an undivided 65,000/13,500,000;

Hollingshead DDS Ltd 401-K Plan as to an undivided 55,000/13,500,000;

The Hotchkiss Family Trust, dated July 11, 2008, Howard B. Hotchkiss and Sharon A. Hepburn-Hotchkiss, Trustees as to an undivided 50,000/13,500,000;

Irene Trapman, an unmarried woman and Anton Trapman, an unmarried man, together as joint tenants as to an undivided 5,000/13,500,000;

James Horton, a married man as his sole and separate property as to an undivided 379,500/13,500,000;

Janet Moncrief, an unmarried woman as to an undivided 50,000/13,500,000;

Janet Zak, a married woman as her sole and separate property as to an undivided 110,000/13,500,000;

The Jaramillo Family Trust dtd 7/27/01, Ginette Jaramillo, Trustee as to an undivided 250,000/13,500,000;

Jillian Hrushowy, an unmarried woman and Michelle Gaftoi, a married woman as her sole and separate property as joint tenants in common as to an undivided 5,000/13,500,000;

First Savings Bank, Custodian for the funds of the JoAnne K. Peteet IRA as to an undivided 53,300/13,500,000;

JoAnne T. Pepper Exemption Trust dated December 29, 1995, JoAnne T. Pepper, Trustee as to an undivided 50,000/13,500,000;

Joel Peterson and Shawnee Riplog-Peterson, husband and wife together as joint tenants as to an undivided 50,000/13,500,000;

John E. Hoffnagle and Carolyn M. Hoffnagle, husband and wife together as joint tenants as to an undivided 150,000/13,500,000;

B-5

John M. Johnson Investments, LLC, a Nevada limited liability company as to an undivided 40,000/13,500,000;

Jon P. Genser, a married man as his sole and separate property as to an undivided 25,000/13,500,000;

Jorge Dominguez, an unmarried man as to an undivided 50,000/13,500,000;

The Joseph and Irene N. Chenin Revocable Family Trust dated October 24, 1984, Dr. Joseph Chenin, Trustee as to an undivided 65,000/13,500,000;

Shulamit Harel, Trustee of the Joseph and Shulamit Harel Family Trust udo November 17, 1987 as to an undivided 50,000/13,500,000;

Joshua Spivack, an unmarried man as to an undivided 15,000/13,500,000;

Judy Zinger Matias Revocable Trust dated April 15, 2004, David Zinger, Trustee as to an undivided 25,000/13,500,000;

Julie Taylor, an unmarried woman as to an undivided 10,000/13,500,000;

Karla Barton now known as Karla Harbin, an unmarried woman as to an undivided 10,000/13,500,000;

Kathleen Finucane, an unmarried woman as to an undivided 51,000/13,500,000;

Lambbrose-Fitzsimmons Trust dated November 13, 2003, Joe L. Lamarca, Trustee as to an undivided 100,000/13,500,000;

Karen and Christopher Larue Family Revocable Trust, dated May 2002, Karen Larue, Trustee and Christopher Larue Trustee as to an undivided 20,000/13,500,000;

Laura R. Alumbaugh Trust, dated November 16, 1990, Laura Ruth Alumbaugh, Trustee as to an undivided 75,000/13,500,000;

Lawrence Berland Revocable Trust dated August 28, 2003, Lawrence Berland, Trustee as to an undivided 50,000/13,500,000;

Leland Huttner, a widowed man as to an undivided 100,000/13,500,000;

Linda S. Ackerman Separate Property Trust dated February 16, 1999, Linda S. Ackerman, Trustee as to an undivided 100,000/13,500,000;

B-6

LMNOP Enterprises, a Nevada limited liability company as to an undivided 50,000/13,500,000;

Lois Agriss, an unmarried woman and Margie Agriss-Parker, a married woman as her sole and separate property, together as joint tenants as to an undivided 10,000/13,500,000;

Louis Nesler, a married man as his sole and separate property as to an undivided 14,000/13,500,000;

Lyna Young Goodson Limited Partnership, a Nevada limited partnership as to an undivided 20,000/13,500,000;

The 1992 Machla Karasick Revocable Trust, Machla Karasick, Trustee as to an undivided 5,000/13,500,000;

Marilyn E. Turner, an unmarried woman as to an undivided 30,000/13,500,000;

Marilyn Wilson and Heather Giarrusso, an unmarried woman and a married woman as her sole and separate property, together as joint tenants as to an undivided 5,000/13,500,000;

Marshall Okmin and Trudy C. Okmin, husband and wife together as joint tenants as to an undivided 100,000/13,500,000;

Martin C. Gross, a married man as his sole and separate property as to an undivided 50,000/13,500,000;

Floriana Halverson, an unmarried woman and Maruska Berretti, a married woman as her sole and separate property, together as joint tenants as to an undivided 25,000/13,500,000;

Mary Beth Scow and Steven R. Scow, wife and husband together as joint tenants as to an undivided 98,000/13,500,000;

Mary V. Goldwater Revocable Trust, Mary V. Goldwater, Trustee as to an undivided 15,000/13,500,000;

May B. Mushkin Revocable Living Trust dated June 15, 1993, May B. Mushkin, Trustee as to an undivided 670,000/13,500,000;

Mel and Carole Caplan Living Trust, dated August 3, 2001, Mel Caplan and Carole Caplan as Trustees as to an undivided 75,000/13,500,000;

B-7

The Mercedes B. Correia Trust 1997 dated January 24, 1997, Mercedes B. Correia, Trustee as to an undivided 30,000/13,500,000;

Michael Nesler and Phyllis Nesler, husband and wife together as joint tenants as to an undivided 10,000/13,500,000;

Michael D. Huttner, a married man as his sole and separate property as to an undivided 30,000/13,500,000;

MSP Investments Partnership, a Colorado partnership as to an undivided 10,000/13,500,000;

Muriel M. Banquer, an unmarried woman and Deanne O'Sullivan, a married woman as her sole and separate property together as joint tenants as to an undivided 100,000/13,500,000;

Myra L. & Stanley M. Bartos, wife and husband, together as joint tenants as to an undivided 15,000/13,500,000;

Nash Family Trust, dated June 9, 2004, Scott T. and Kathy Nash, Trustees as to an undivided 25,000/13,500,000;

Nellierae P. Macintosh, an unmarried woman as to an undivided 10,000/13,500,000;

Niraj Y. Shah, a married man as his sole and separate property and Sharvi Shah, a married woman as her sole and separate property together as joint tenants as to an undivided 25,000/13,500,000;

The Palmer Family Trust dated February 13, 1990, David A. Palmer, Trustee as to an undivided 40,000/13,500,000;

Pamela Bailey, a widow as to an undivided 40,000/13,500,000;

Pat Dean, a married man as his sole and separate property as to an undivided 50,000/13,500,000;

The Pierce-Loving Trust, dated July 26, 1991, Charles R. Pierce and Gladys R. Pierce, Trustees as to an undivided 50,000/13,500,000;

Gordon Ray and Nancy S. Phillips Living Trust dated January 17, 1994, Gordon Ray Phillips, Trustee, or Nancy S. Phillips, Trustee as to an undivided 30,000/13,500,000;

Reba and Arnold Gerstein, husband and wife together as joint tenants as to an undivided 100,000/13,500,000;

Redebon Limited Partnership, Reba Gerstein managing partner as to an undivided 150,000/13,500,000;

Renee Schwartzberg and Arnold H. Schwartzberg, wife and husband together as joint tenants as to an undivided 15,000/13,500,000;

Rhonda Mushkin Separate Property Trust, Rhonda L. Mushkin, Trustee as to an undivided 145,000/13,500,000;

Richard A. Plotnik, an unmarried man and Ruth Einhorn, an unmarried woman as joint tenants as to an undivided 22,300/13,500,000;

The Richard N. Krupp Intervivos Trust dated December 24, 1997, Richard N. Krupp, Trustee as to an undivided 100,000/13,500,000;

Robert S. Bingham Trust dated August 14, 1997, Robert S. Bingham, Trustee as to an undivided 50,000/13,500,000;

The Melvin N. Royer and Priscilla Nani Royer Rev Living Trust dated August 11, 2005, Melvin N. Royer and Priscilla Nani Royer, Trustees as to an undivided 10,000/13,500,000;

The Sarah Huttner Family Trust fbo Ruth Weiss dated September 19, 2006, Ruth S. Weiss, Trustee as to an undivided 25,000/13,500,000;

Schmidt Family Trust, under Agreement date August 29, 1982, Marvin L. Schmidt and Judean A. Schmidt, Trustees as to an undivided 339,000/13,500,000;

Mushkin Family Trust and Marvin L. Schmidt and Judean A. Schmidt, Trustees of the Schmidt Family Trust, as tenants in common as to an undivided 2,285,700/13,500,000;

Sharon H. Mushkin, a married woman as her sole and separate property as to an undivided 50,000/13,500,000;

Sheila Goldberg, an unmarried woman as to an undivided 10,000/13,500,000;

Shreyas M. Shah and Aarti S. Shah, husband and wife together as joint tenants as to an undivided 50,000/13,500,000;

B-9

The Stoebling Family Trust dated November 17, 1994, David Stoebling, Trustee and Patricia A. Stoebling, Trustee as to an undivided 50,000/13,500,000;

Story Book Homes LLC, a Nevada limited liability company as to an undivided 30,000/13,500,000;

The Stuart Jay Sherman & Cynthia Francine Sherman Revocable Living Trust dated August 21, 2000, Stuart Jay Sherman, Trustee and Cynthia Francine Sherman, Trustee as to an undivided 10,000/13,500,000;

Susan Lafferty, a married woman as her sole and separate property as to an undivided 5,000/13,500,000;

The Susan Rosenberg Trust, et al dtd 12/11/78, Jon P. Genser, Trustee as to an undivided 25,000/13,500,000;

Brett J. Ritter and Svetlana G. Ritter, husband and wife together as joint tenants as to an undivided 25,000/13,500,000;

Sylviane Cordova, a married woman as her sole and separate property as to an undivided 25,000/13,500,000;

Thomas Hufnagel, an unmarried man, and Rebecca Muha, an unmarried woman together as joint tenants as to an undivided 20,000/13,500,000;

Victoria S. Singlehurst and William T. Singlehurst, wife and husband together as joint tenants as to an undivided 80,000/13,500,000;

Von Tobel Family Trust, dated 1994, William E. Von Tobel, Trustee as to an undivided 100,000/13,500,000;

First Savings Bank Custodian for the funds of the Wayne A. Laska, IRA as to an undivided 30,000/13,500,000;

Wendell L. Wells & Karenlee Wells, husband and wife together as joint tenants as to an undivided 10,000/13,500,000;

Wendy A. Mesa Trust dated September 20, 2004, Wendy A. Mesa, Trustee as to an undivided 22,000/13,500,000;

Western Insurance Company, Dick Rottman, President as to an undivided 500,000/13,500,000;

B-10

The Whitmore 1984 Trust dated November 8, 1984, Suzette Whitmore, Trustee as to an undivided 25,000/13,500,000;

William Delaney, an unmarried man as to an undivided 25,000/13,500,000;

First Savings Bank, Custodian for the funds of the William J. Hendrix, Roth IRA as to an undivided 100,000/13,500,000;

Willow Properties LLC, a Nevada limited liability company as to an undivided 75,000/13,500,000;

The Wolpa Family Trust, dated June 2, 1992, Lenore R. Wolpa, Trustee as to an undivided 100,000/13,500,000;

The Woodrum Family Trust dated January 19, 1999, John G. Woodrum, Trustee and Ellen M. Woodrum, Trustee as to an undivided 500,000/13,500,000;

# EXHIBIT "C"

### (SIGNATURE PAGES 1 THROUGH 26)

"Pursuant to Nevada Assembly Bill 513, which became effective on May 29, 2009, the following names and entities shown herein on pages 1 through 26, inclusive represent more than 51% of the record fee title holder who acquired title to the subject property through foreclosure. The Trustee's Deed was recorded on June 9, 2009 in Book 20090609 as Document No. 0003483, of Official Records, Clark County, Nevada"

<hr />

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
Access Insurance Services Inc., a Nevada corporation as to an undivided
250,000/13,500,000;

<hr />

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
Anne Abrams, an unmarried woman as to an undivided 60,000/13,500,000;

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
The Annette Finesilver Living Trust dated November 10, 2004, Annette Finesilver, Trustee and Sherman G. Finesilver, Trustee as to an undivided 50,000/13,500,000;

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
Anton Trapman, an unmarried man as to an undivided 44,000/13,500,000;

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
First Savings Bank, Custodian for the funds of the Anton Trapman, IRA as to an
undivided 90,000/13,500,000;

1



Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
First Savings Bank, Custodian for the funds of the Anton Trapman, Roth IRA as to an
undivided 9,200/13,500,000;

_____

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
Barbara Cook, a married woman as her sole and separate property as to an
undivided 5,000/13,500,000;

_____

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
Jim Beck and Becky Beck, husband and wife together as joint tenants as to an
undivided 25,000/13,500,000;

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
Brent J. Bell and Suzanne M. Bell Family Trust dtd 1/23/02 Brent J. Bell, Trustee and
Suzanne M. Bell, Trustee as to an undivided 75,000/13,500,000;

_____

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
Bell United Insurance Company, Brent Bell, President as to an undivided
1,000,000/13,500,000;

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
Bernie Naiman and Roberta T. Naiman, husband and wife together as joint tenants
as to an undivided 200,000/13,500,000;

2

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
Blaire E. Simpson Trust dated April 7, 1989, Blaire E. Simpson, Trustee as to an
undivided 10,000/13,500,000;


Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
Brenda Mallen, an unmarried woman as to an undivided 10,000/13,500,000;

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
Bruce W Bettridge and Lola Marie Bettridge, Trustees of the B & L Family Trust
dated April 11, 2003 as to an undivided 25,000/13,500,000

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
Bryzek Family Trust u/d/t dated November 15, 1996, Janusz Bryzek, Trustee and
Barbara Bryzek, Trustee as to an undivided 100,000/13,500,000;

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
Buckler Family Limited Partnership, Robert J. Buckler, General Partner as to an
undivided 155,000/13,500,000;


Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
Carol D. Hughes, a married woman as her sole and separate property as to an
undivided 40,000/13,500,000;

3

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
Carol J. Sprague-Newman, a married woman as her sole and separate property as to
an undivided 10,000/13,500,000;

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
Carole S. Bell Trust dated April 1, 2004, Carole S. Bell, Trustee as to an undivided
50,000/13,500,000;

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
Cary Ginter and Robin Ginter, husband and wife together as joint tenants as to an
undivided 25,000/13,500,000;

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
Cathy P. Neistat, a married woman as her sole and separate property as to an
undivided 50,000/13,500,000;

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
Charles J. Eisen and Eleanor R. Eisen, husband and wife together as joint tenants as
to an undivided 100,000/13,500,000;

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
Christopher and Rosemary Erlanger, husband and wife together as joint tenants as
to an undivided 30,000/13,500,000;

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
Chu Family Trust, dated August 12, 2002, Bonnie W. Chu, Trustee as to an
undivided 100,000/13,500,000;

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
Constance P. Pitchford, a married woman as her sole and separate property as to an
undivided 25,000/13,500,000;

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
The Courtney Genser Irrevocable Trust dtd 6/1/92, Thomas D. Owen, Trustee as to
an undivided 10,000/13,500,000;

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
Crupi Living Trust dated March 27, 2002, Paul Crupi, Trustee and Elaine Crupi,
Trustee as to an undivided 166,200/13,500,000;

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
Crystal Cargal Irrevocable Special Needs Settlement Trust dated August 31, 2006,
Steven R. Scow, Trustee as to an undivided 200,000/13,500,000;

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
Daniel D. Newman Trust, dated November 1, 1992, Daniel D. Newman, Trustee as
to an undivided 10,000/13,500,000;

5

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
David A. Minsberg, a married man as his sole and separate property as to an
undivided 60,000/13,500,000;

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
David A. Zinger Amended and Restated Revocable Trust dated June 21, 2001, David
Zinger, Trustee, and Zipora Zinger, Trustee as to an undivided 60,000/13,500,000;

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
David L. Kaufman and Nancy N. Kaufman, husband and wife together as joint
tenants as to an undivded 100,000/13,500,000;

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
First Savings Bank, Custodian for the funds of the David Stoebling, IRA as to an
undivided 100,000/13,500,000;

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
Deborah L. Muha, an unmarried woman as to an undivided 10,000/13,500,000;

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
John Dennis Manzonie, a married man as his sole and separate property as to an
undivided 100,000/13,500,000;

6

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
Diane Grossman Aranson Revocable Family Trust dtd 8/26/05, Diane Grossman
Aranson, Trustee and Jeffrey Grossman, Trustee as to an undivided
100,000/13,500,000;

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
Dixie Willis, an unmarried woman as to an undivided 10,000/13,500,000;

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
Survivor's Trust of the Alan G. & Patty J. Dondero Revocable Trust of 1992, Alan G.
Dondero, Trustee as to an undivided 80,000/13,500,000;

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
Donna Cillo, an unmarried woman as to an undivided 25,000/13,500,000;

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
Dorothy Silver Family Trust, dated May 4, 2000, Dorothy Silver, Trustee as to an
undivided 10,000/13,500,000;

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
Doyle Family Trust dated July 17, 2003, Bonnie W. Chu, Trustee as to an undivided
100,000/13,500,000;

_____
Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
Joseph Chenin Chartered Profit Sharing Trust dated, Dr. Joseph Chenin, Trustee as
to an undivided as to an undivided 25,000/13,500,000;


_____
Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
Dr. Joseph Chenin Chartered Profit Sharing Plan dated September 10, 2003 as to an
undivided 40,000/13,500,000;


_____
Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
The David Eastman and Ann Eastman Family Trust dated December 9, 1991, David
Eastman and Ann Eastman, Trustees as to an undivided 120,000/13,500,000;


_____
Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
Edwards Family Trust, dated December 16, 1998, William Terry Edwards, Trustee
and William T. Edwards, Trustee as to an undivided 100,000/13,500,000;


_____
Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
EGE Living Trust dated October 11, 2005, John Egidio, Trustee as to an undivided
75,000/13,500,000;

8

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
Eric T. Aitken and Kimberly H. Aitken, husband and wife together as joint tenants as
to an undivided 15,000/13,500,000;

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
Erlanger Family Trust dated September 6, 2007, Christopher C. Erlanger and
Rosemary K. Erlanger, Trustees as to an undivided 67,800/13,500,000;

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
Eugene D. Clark Family Trust, dated April 26, 2002, Eugene D. Clark, Trustee as to
an undivided 30,000/13,500,000;

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
The Frederick L. Maffeo Revocable Trust dated March 1, 2004, Frederick J. Maffeo,
Trustee as to an undivided 25,000/13,500,000;

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
Gabor Kuti, a married man as his sole and separate property as to an undivided
50,000/13,500,000;

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
Gale Ebert, an unmarried woman as to an undivided 25,000/13,500,000;

9

---

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
Garrett B. Logan, an unmarried man as to an undivided 25,000/13,500,000;

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
First Savings Bank Custodian of the funds for the Gary I. Miller, IRA as to an
undivided 14,000/13,500,000;

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
Gerald A. and Dorothy L. Heiner Trust, Gerald A. Heiner and Dorothy L. Heiner,
Trustees as to an undivided 200,000/13,500,000;

---

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
Gerald N. Favinger, a married man as his sole and separate property as to an
undivided 34,000/13,500,000;

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
Gilles Marchand and Chiyoko Marchand, husband and wife together as joint tenants
as to an undivided 20,000/13,500,000;

---

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
Greg S. Chudacoff and Joy J. Chudacoff, husband and wife together as joint tenants
as to an undivided 75,000/13,500,000;

10

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
H. Michael Gach, an unmarried man as to an undivided 5,000/13,500,000;

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
Harold F. Rosen and Marjorie D. Rosen, husband and wife together as joint tenants
as to an undivided 50,000/13,500,000;

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
Harry Zvi Shadmi, a married man as his sole and separate property as to an
undivided 25,000/13,500,000;

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
Michael G. Hollingshead, DDS. Ltd. 401-K fbo Andrea Glenn, Trustee as to an
undivided 65,000/13,500,000;

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
Hollingshead DDS Ltd 401-K Plan as to an undivided 55,000/13,500,000;

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
The Hotchkiss Family Trust, dated July 11, 2008, Howard B. Hotchkiss and Sharon A.
Hepburn-Hotchkiss, Trustees as to an undivided 50,000/13,500,000;

_____

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
Irene Trapman, an unmarried woman and Anton Trapman, an unmarried man,
together as joint tenants as to an undivided 5,000/13,500,000;


_____

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
James Horton, a married man as his sole and separate property as to an undivided
379,500/13,500,000;


_____

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
Janet Moncrief, an unmarried woman as to an undivided 50,000/13,500,000;


_____

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
Janet Zak, a married woman as her sole and separate property as to an undivided
110,000/13,500,000;


_____

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
The Jaramillo Family Trust dtd 7/27/01, Ginette Jaramillo, Trustee as to an
undivided 250,000/13,500,000;

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
Jillian Hrushowy, an unmarried woman and Michelle Gaftoi, a married woman as her
sole and separate property as joint tenants in common as to an undivided
5,000/13,500,000;

12

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
First Savings Bank, Custodian for the funds of the JoAnne K. Peteet IRA as to an
undivided 53,300/13,500,000;

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
JoAnne T. Pepper Exemption Trust dated December 29, 1995, JoAnne T. Pepper,
Trustee as to an undivided 50,000/13,500,000;

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
Joel Peterson and Shawnee Riplog-Peterson, husband and wife together as joint
tenants as to an undivided 50,000/13,500,000;

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
John E. Hoffnagle and Carolyn M. Hoffnagle, husband and wife together as joint
tenants as to an undivided 150,000/13,500,000;

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
John M. Johnson Investments, LLC, a Nevada limited liability company as to an
undivided 40,000/13,500,000;

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
Jon P. Genser, a married man as his sole and separate property as to an undivided
25,000/13,500,000;

13

---

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
Jorge Dominguez, an unmarried man as to an undivided 50,000/13,500,000;

---

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
The Joseph and Irene N. Chenin Revocable Family Trust dated October 24, 1984, Dr.
Joseph Chenin, Trustee as to an undivided 65,000/13,500,000;

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
Shulamit Harel, Trustee of the Joseph and Shulamit Harel Family Trust udo
November 17, 1987 as to an undivided 50,000/13,500,000;

---

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
Joshua Spivack, an unmarried man as to an undivided 15,000/13,500,000;

---

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
Judy Zinger Matias Revocable Trust dated April 15, 2004, David Zinger, Trustee as to
an undivided 25,000/13,500,000;

---

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
Julie Taylor, an unmarried woman as to an undivided 10,000/13,500,000;

14

_____
Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
Karla Barton, now known as Karla Harbin, an unmarried woman as to an undivided
10,000/13,500,000;


_____
Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
Kathleen Finucane, an unmarried woman as to an undivided 51,000/13,500,000;


_____
Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
Lambbrose-Fitzsimmons Trust dated November 13, 2003, Joe L. Lamarca, Trustee as
to an undivided 100,000/13,500,000;


_____
Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
Karen and Christopher Larue Family Revocable Trust, dated May 2002, Karen Larue,
Trustee and Christopher Larue Trustee as to an undivided 20,000/13,500,000;

_____
Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
Laura R. Alumbaugh Trust, dated November 16, 1990, Laura Ruth Alumbaugh,
Trustee as to an undivided 75,000/13,500,000;


_____
Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
Lawrence Berland Revocable Trust dated August 28, 2003, Lawrence Berland,
Trustee as to an undivided 50,000/13,500,000;


_____
Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
Leland Huttner, a widowed man as to an undivided 100,000/13,500,000;

15

_____
Goldwater Capital Nevada, LLC
By David Goldwater, its Manager, as Attorney-In-Fact for
Linda S. Ackerman Separate Property Trust dated February 16, 1999, Linda S.
Ackerman, Trustee as to an undivided 100,000/13,500,000;

_____
Goldwater Capital Nevada, LLC
By David Goldwater, its Manager, as Attorney-In-Fact for
LMNOP Enterprises, a Nevada limited liability company as to an undivided
50,000/13,500,000;

_____
Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
Lois Agriss, an unmarried woman and Margie Agriss-Parker, a married woman as her
sole and separate property, together as joint tenants as to an undivided
10,000/13,500,000;

_____
Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
Louis Nesler, a married man as his sole and separate property as to an undivided
14,000/13,500,000;


_____
Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
Lyna Young Goodson Limited Partnership, a Nevada limited partnership as to an
undivided 20,000/13,500,000;


_____
Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
The 1992 Machla Karasick Revocable Trust, Machla Karasick, Trustee as to an
undivided 5,000/13,500,000;

16

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
Marilyn E. Turner, an unmarried woman as to an undivided 30,000/13,500,000;

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
Marilyn Wilson and Heather Giarrusso, an unmarried woman and a married woman
as her sole and separate property, together as joint tenants as to an undivided
5,000/13,500,000;

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
Marshall Okmin and Trudy C. Okmin, husband and wife together as joint tenants as
to an undivided 100,000/13,500,000;

By David Goldwater, its Manager, as Attorney-In-Fact for
Martin C. Gross, a married man as his sole and separate property as to an undivided
50,000/13,500,000;

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
Floriana Halverson, an unmarried woman and Maruska Berretti, a married woman as
her sole and separate property, together as joint tenants as to an undivided
25,000/13,500,000;

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
Mary Beth Scow and Steven R. Scow, wife and husband together as joint tenants as
to an undivided 98,000/13,500,000;

17

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
Mary V. Goldwater Revocable Trust, Mary V. Goldwater, Trustee as to an undivided
15,000/13,500,000;

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
May B. Mushkin Revocable Living Trust dated June 15, 1993, May B. Mushkin,
Trustee as to an undivided 670,000/13,500,000;

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
Mel and Carole Caplan Living Trust, dated August 3, 2001, Mel Caplan and Carole
Caplan as Trustees as to an undivided 75,000/13,500,000;

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
The Mercedes B. Correia Trust 1997 dated January 24, 1997, Mercedes B. Correia,
Trustee as to an undivided 30,000/13,500,000;

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
Michael Nesler and Phyllis Nesler, husband and wife together as joint tenants as to
an undivided 10,000/13,500,000;

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
Michael D. Huttner, a married man as his sole and separate property as to an
undivided 30,000/13,500,000;

18

---

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
MSP Investments Partnership, a Colorado partnership as to an undivided
10,000/13,500,000;

---

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
Muriel M. Banquer, an unmarried woman and Deanne O'Sullivan, a married woman
as her sole and separate property together as joint tenants as to an undivided
100,000/13,500,000;

---

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
Myra L. & Stanley M. Bartos, wife and husband, together as joint tenants as to an
undivided 15,000/13,500,000;

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
Nash Family Trust, dated June 9, 2004, Scott T. and Kathy Nash, Trustees as to an
undivided 25,000/13,500,000;

---

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
Nellierae P. Macintosh, an unmarried woman as to an undivided 10,000/13,500,000;

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
Niraj Y. Shah, a married man as his sole and separate property and Sharvi Shah, a
married woman as her sole and separate property together as joint tenants as to an
undivided 25,000/13,500,000;

19

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
The Palmer Family Trust dated February 13, 1990, David A. Palmer, Trustee as to an
undivided 40,000/13,500,000;

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
Pamela Bailey, a widow as to an undivided 40,000/13,500,000;

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
Pat Dean, a married man as his sole and separate property as to an undivided
50,000/13,500,000;

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
The Pierce-Loving Trust, dated July 26, 1991, Charles R. Pierce and Gladys R. Pierce,
Trustees as to an undivided 50,000/13,500,000;

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
Gordon Ray and Nancy S. Phillips Living Trust dated January 17, 1994, Gordon Ray
Phillips, Trustee, or Nancy S. Phillips, Trustee as to an undivided 30,000/13,500,000;

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
Reba and Arnold Gerstein, husband and wife together as joint tenants as to an
undivided 100,000/13,500,000;

20

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
Redebon Limited Partnership, Reba Gerstein managing partner as to an undivided
150,000/13,500,000;

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
Renee Schwartzberg and Arnold H. Schwartzberg, wife and husband together as
joint tenants as to an undivided 15,000/13,500,000;

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
Rhonda Mushkin Separate Property Trust, Rhonda L. Mushkin, Trustee as to an
undivided 145,000/13,500,000;

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
Richard A. Plotnik, an unmarried man and Ruth Einhorn, an unmarried woman as
joint tenants as to an undivided 22,300/13,500,000;

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
The Richard N. Krupp Intervivos Trust dated December 24, 1997, Richard N. Krupp,
Trustee as to an undivided 100,000/13,500,000;

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
Robert S. Bingham Trust dated August 14, 1997, Robert S. Bingham, Trustee as to
an undivided 50,000/13,500,000;

21

_[signature]_

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
The Melvin N. Royer and Priscilla Nani Royer Rev Living Trust dated August 11,
2005, Melvin N. Royer and Priscilla Nani Royer, Trustees as to an undivided
10,000/13,500,000;

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
The Sarah Huttner Family Trust fbo Ruth Weiss dated September 19, 2006, Ruth S.
Weiss, Trustee as to an undivided 25,000/13,500,000;

_[signature]_

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
Schmidt Family Trust, under Agreement date August 29, 1982, Marvin L. Schmidt
and Judean A. Schmidt, Trustees as to an undivided 339,000/13,500,000;

_[signature]_

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
Mushkin Family Trust and Marvin L. Schmidt and Judean A. Schmidt, Trustees of the
Schmidt Family Trust, as tenants in common as to an undivided
2,285,700/13,500,000;

_[signature]_

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
Sharon H. Mushkin, a married woman as her sole and separate property as to an
undivided 50,000/13,500,000;

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
Sheila Goldberg, an unmarried woman as to an undivided 10,000/13,500,000;

22

_[signature]_

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
Shreyas M. Shah and Aarti S. Shah, husband and wife together as joint tenants as to
an undivided 50,000/13,500,000;

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
The Stoebling Family Trust dated November 17, 1994, David Stoebling, Trustee and
Patricia A. Stoebling, Trustee as to an undivided 50,000/13,500,000;

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
Story Book Homes LLC, a Nevada limited liability company as to an undivided
30,000/13,500,000;

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
The Stuart Jay Sherman & Cynthia Francine Sherman Revocable Living Trust dated
August 21, 2000, Stuart Jay Sherman, Trustee and Cynthia Francine Sherman,
Trustee as to an undivided 10,000/13,500,000;

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
Susan Lafferty, a married woman as her sole and separate property as to an
undivided 5,000/13,500,000;

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
The Susan Rosenberg Trust, et al dtd 12/11/78, Jon P. Genser, Trustee as to an
undivided 25,000/13,500,000;

23

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
Brett J. Ritter and Svetlana G. Ritter, husband and wife together as joint tenants as
to an undivided 25,000/13,500,000;

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
Sylviane Cordova, a married woman as her sole and separate property as to an
undivided 25,000/13,500,000;

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
Thomas Hufnagel, an unmarried man, and Rebecca Muha, an unmarried woman
together as joint tenants as to an undivided 20,000/13,500,000;

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
Victoria S. Singlehurst and William T. Singlehurst, wife and husband together as joint
tenants as to an undivided 80,000/13,500,000;

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
Von Tobel Family Trust, dated 1994, William E. Von Tobel, Trustee as to an
undivided 100,000/13,500,000;

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
First Savings Bank Custodian for the funds of the Wayne A. Laska, IRA as to an
undivided 30,000/13,500,000;

24

_____

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
Wendell L. Wells & Karenlee Wells, husband and wife together as joint tenants as to
an undivided 10,000/13,500,000;


_____

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
Wendy A. Mesa Trust dated September 20, 2004, Wendy A. Mesa, Trustee as to an
undivided 22,000/13,500,000;


_____

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
Western Insurance Company, Dick Rottman, President as to an undivided
500,000/13,500,000;


_____
Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
The Whitmore 1984 Trust dated November 8, 1984, Suzette Whitmore, Trustee as
to an undivided 25,000/13,500,000;


_____
Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
William Delaney, an unmarried man as to an undivided 25,000/13,500,000;


_____
Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
First Savings Bank, Custodian for the funds of the William J. Hendrix, Roth IRA as to
an undivided 100,000/13,500,000;

25

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
Willow Properties LLC, a Nevada limited liability company as to an undivided
75,000/13,500,000;

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
The Wolpa Family Trust, dated June 2, 1992, Lenore R. Wolpa, Trustee as to an
undivided 100,000/13,500,000;

Goldwater Capital Nevada, LLC,
By David Goldwater, its Manager, as Attorney-In-Fact for
The Woodrum Family Trust dated January 19, 1999, John G. Woodrum, Trustee and
Ellen M. Woodrum, Trustee as to an undivided 500,000/13,500,000;

26

State of Nevada
County of Clark

This instrument was acknowledged before me on 27th day of July, 2010 by Goldwater Capital Nevada, LLC, David Goldwater, Manager
as attorney in fact for See attached.

_____
Signature of notarial officer

NOTARY PUBLIC
County of Clark-State of Nevada
E. WATSON
No. 97-4366-1
My Appointment Expires Nov. 8, 2013

Deed of Trust and Assignment of Rents

EXHIBIT "D"

EXHIBIT "D"

# Broker Price Opinion

## APN:160-22-222-006

## October 2, 2013

To Whom It May Concern,

The subject property consists of 10.53 acres of undeveloped land located on the North side of Lake Las Vegas Development in Henderson Nevada.

The Zoning classification for the subject property is RM-10 which is Medium Density Residential allowing for up to 10 units per acre.

A visit to the City of Henderson confirmed that all utilities are to the site, however due to the topography of the subject property, the utilities are located at the highest portion of the site. This does not affect the Water, Power, or Telephone utilities, however, a pump station would need to be constructed at the lowest portion of the property to handle the removal of the Sewage and waste water.

A visit to the site shows that it has been rough graded, however there appears to be unapproved fill and debris that has been placed on the property and would have to be inspected and possibly removed prior to final grading which shall be determined by a licensed engineer.

The area has seen stagnant growth in recent years due to the economy. There have been some vacant land sales within the last year mostly consisting of ¼ to ½ acre lots in the $150,000 range.

The sales of larger parcels of land have been mostly distressed sales and repossessions. The two sales that are the most similar in size and use are a 32.78 acre parcel that sold for $600,000 and a 46.78 acre parcel that sold for $900,000. Both parcels sold near the beginning of the year, have utilities to the site, and both parcels are hillside parcels that require extensive grading, blasting and dirt work that is quite costly to achieve.

Taking all factors into account, if I were to list the property in today's market I would list it at $80,000 per acre or **$842,400**.

I was born and raised in Las Vegas and have been selling Real Estate since 1982 with my specialty being the sale of vacant land.  Factors taken into consideration in determining the value of the subject property were;

1. Pulling all of the sales of vacant land in the area for the past year from the Taxstar records of sales recorded with the Clark County Recorder's office.
2. Pulling all of the Sales and Available listings from the Greater Las Vegas Board of Realtors Multiple Listing Service.
3. A visual inspection of the site and comparable properties.
4. A Visit to the City of Henderson Public Works and Zoning Departments.

If you have any questions, please feel free to contact me at 702-355-5999.

Respectfully,

Walter David Mason
Five Star Realty
8690 S. Maryland Pkwy, Ste 230
Las Vegas, NV   89123

 

## NEVADA BPO SUPPLEMENT

Nevada law requires that a Broker Price Opinion ("BPO") prepared by a Nevada real estate licensee includes certain information. This form supplements any preprinted form or electronic submission required by the person or entity requesting the BPO. **The BPO is not complete without this Supplement.** Nevada law requires that compensation for real estate services, including BPOs, be made directly to the Broker, and that the Broker retain records for a minimum of five years.

The BPO has been prepared by _____**Walter David Mason**_____ ("Licensee"), who is duly
                                            Licensee Name
licensed (License No.: _____**28008**_____ ) and in good standing. Licensee is affiliated with
                                Nevada Real Estate License No.
_____**Heidi Haustein of Five Star Realty**_____ ("Broker").
                        Broker Name

1.   The BPO has been prepared for _____**Steven Scow**_____ ("Recipient") regarding
real property located at **10.53 acres Vacant Land , Lake Las Vegas,**
_____ , APN **160-22-222-006** ("Property").

2.   Licensee is informed that Recipient's interest in the property is:  **that he has a partial
interest in a 1st Deed of Trust**
_____ .

3.   The intended purpose of this BPO is **Get an estimated opinion of value**
_____ .

4.   The basis used to determine the BPO is **analysis of current market conditions**
with the following applicable market data ____**Clark County Recorders and MLS data**____ and
computation of capitalization **needed to  bring property to developable conditions**

5.   Assumptions or limiting conditions used to determine the BPO is **Assumptions are that values
reported are fair and accurate and that there are no undisclosed
transactions that have occured or will occure.**

6.   Licensee has the following existing or contemplated interest in the Property (including, without limitation, the possibility of representing the seller or purchaser): **There is a possibility, although not a
probability, that agent will list the subject property in an "as-is" or
improved condition in the future**

Issue Date: **10/03/2013**_____   Licensee Signature: *Walter D. Mason*
                                        **Walter David Mason**

### Notwithstanding any preprinted language to the contrary, this opinion is not an appraisal of the market value of the property. If an appraisal is desired, the services of a licensed or certified appraiser must be obtained.

Nevada BPO Supplement 08/09                                    © 2009 Greater Las Vegas Association of REALTORS®

Five Star Realty 8690 S Maryland Pkwy Ste 230 Las Vegas, NV 89123
Phone: (702)765-7653        Fax: (702)471-7653        Walter Mason                                scow opinion o
                    Produced with ZipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com

*subject Property*

## Southern Nevada GIS ~ OpenWeb Info Mapper



The MAPS and DATA are provided without warranty of any kind, expressed or implied.

Date Created: 9/11/2013

### Property Information

| | |
|---|---|
| Parcel: | 160-22-222-006 |
| Owner Name(s): | HOLLINGSHEAD MICHAEL I R A ETAL |
| Site Address: | 0 |
| Jurisdiction: | Henderson - 89011 |
| Zoning Classification: | Medium-Density Residential 10 (10 du / ac) (RM-10) |

### Misc Information

| | | | |
|---|---|---|---|
| Subdivision Name: | PRIMA AT LAKE LAS VEGAS-PHASE 3 | | |
| Lot Block: | Lot:A1 Block: | Construction Year: | Construction Year: 0 |
| Sale Date: | 10/2012 | T-R-S: | 21-63-22 |
| Sale Price: | $5,363 | Census Tract: | 5437 |
| Recorded Doc Number: | 2012100400896 | Estimated Lot Size: | Estimated Lot Size: 10.53 |
| Flight Date: | Aerial Flight Date: 04/30/2012 | | |

### Elected Officials

| | | | |
|---|---|---|---|
| Commission District: | G - MARY BETH SCOW | City Ward: | I - GERRI SCHRODER |
| US Senate: | DEAN HELLER, HARRY REID | US Congress: | 03-JOE HECK |
| State Senate: | 21-MARK A. MANENDO | State Assembly: | 12-JAMES OHRENSCHALL |
| School District: | G-ERIN EARLENE CRANOR | University Regent: | 06-MICHAEL WIXOM |
| Board of Education: | 3-ALLISON SERAFIN | Minor Civil Division: | Henderson Township |



Comp 1



Southern Nevada GIS ~ OpenWeb Info Mapper

The MAPS and DATA are provided without warranty of any kind, expressed or implied.

Date Created: 9/11/2013

## Property Information

| | |
|---|---|
| Parcel: | 160-27-611-001 |
| Owner Name(s): | ARISTA INVESTORS COLORADO L L C |
| Site Address: | 0 |
| Jurisdiction: | Henderson - 89011 |
| Zoning Classification: | Development Holding (DH) |
| Resolution of Intent: | App No: ZCA2006660026E2||Exp. Date: 12/5/2012 ||Approved Zoning: DH |

## Misc Information

| Subdivision Name: | LAKE LAS VEGAS-FALLS PARENT | | |
|---|---|---|---|
| Lot Block: | Lot:G-1 Block: | Construction Year: | Construction Year: 0 |
| Sale Date: | 12/2012 | T-R-S: | 21-63-27 |
| Sale Price: | $600,000 | Census Tract: | 5437 |
| Recorded Doc Number: | 2012121102979 | Estimated Lot Size: | Estimated Lot Size: 32.78 |
| Flight Date: | Aerial Flight Date: 04/30/2012 | | |

## Elected Officials

| Commission District: | G - MARY BETH SCOW | City Ward: | I - GERRI SCHRODER |
|---|---|---|---|
| US Senate: | DEAN HELLER, HARRY REID | US Congress: | 03-JOE HECK |
| State Senate: | 21-MARK A. MANENDO | State Assembly: | 12-JAMES OHRENSCHALL |
| School District: | G-ERIN EARLENE CRANOR | University Regent: | 06-MICHAEL WIXOM |

Comp 2

## Southern Nevada GIS ~ OpenWeb Info Mapper



The MAPS and DATA are provided without warranty of any kind, expressed or implied.
Date Created: 9/11/2013

## Property Information

| | |
|---|---|
| Parcel: | 160-27-510-001 |
| Owner Name(s): | R B C REAL ESTATE FINANCE INC |
| Site Address: | 0 |
| Jurisdiction: | Henderson - 89011 |
| Zoning Classification: | Development Holding (DH) |
| Resolution of Intent: | App No: ZCA2006660026E2||Exp. Date: 12/5/2012 ||Approved Zoning: DH |

## Misc Information

| Subdivision Name: | LAKE LAS VEGAS-FALLS PARENT | | |
|---|---|---|---|
| Lot Block: | Lot:G-2 Block: | Construction Year: | Construction Year: 0 |
| Sale Date: | 02/2013 | T-R-S: | 21-63-27 |
| Sale Price: | $900,000 | Census Tract: | 5437 |
| Recorded Doc Number: | 2013022500393 | Estimated Lot Size: | Estimated Lot Size: 46.78 |
| Flight Date: | Aerial Flight Date: 04/30/2012 | | |

## Elected Officials

| Commission District: | G - MARY BETH SCOW | City Ward: | I - GERRI SCHRODER |
|---|---|---|---|
| US Senate: | DEAN HELLER, HARRY REID | US Congress: | 03-JOE HECK |
| State Senate: | 21-MARK A. MANENDO | State Assembly: | 12-JAMES OHRENSCHALL |
| School District: | G-ERIN EARLENE CRANOR | University Regent: | 06-MICHAEL WIXOM |

*Taxstar Vacant Land*

*Sec 26, 27*

## Search Criteria

**Search Name:** TAXPROP Simple Search
**Date:** 26-Sept-2013 12:38:15 PM

| Search Criteria Field | Operator | Criteria |
|---|---|---|
| Township | Equals | 21 |
| Range | Equals | 63 |
| Section | Between | 26 - 27 |
| Land Use Code | Equals | 0 |
| Sale Date | 12 Months Back | |

| # | Assessors Parcel Number | Approximate Acreage | Current Sale Price | Current Sale Date | Address | Living Area | Year Built |
|---|---|---|---|---|---|---|---|
| 1 | 160-27-113-032 | | 99 | 02/07/2013 | 0 | | |
| 2 | 160-27-114-001 | 15.0 | 4200000 | 02/27/2013 | 0 | Multiple Parcel Sale | |
| 3 | 160-27-314-024 | 0.18 | 389329 | 07/23/2013 | 2 LEMBO DI LAGO CT | | |
| 4 | 160-27-418-004 | 0.1 | 174918 | 08/16/2013 | 27 VIA DI MELLO | | |
| 5 | 160-27-118-012 | 0.21 | 99 | 02/07/2013 | 0 | | |
| 6 | 160-27-802-003 | 0.06 | 228500 | 01/24/2013 | 0 | | |
| 7 | 160-27-314-029 | 0.2 | 367083 | 07/31/2013 | 4 CONTRADA FIORE DR | | |
| 8 | 160-27-510-001 | 46.78 | 900000 | 02/25/2013 | 0 | 19,238.99 per ac | |
| 9 | 160-27-611-001 | 32.78 | 600000 | 12/11/2012 | 0 | 18,303.84 per ac. | |
| 10 | 160-27-118-025 | 0.83 | 99 | 02/07/2013 | 0 | | |
| 11 | 160-27-118-026 | 0.19 | 100 | 11/29/2012 | 0 | | |

Sec 14, 15

## Search Criteria

**Search Name:** TAXPROP Simple Search
**Date:** 26-Sept-2013 12:34:20 PM

| Search Criteria Field | Operator | Criteria |
|---|---|---|
| Township | Equals | 21 |
| Range | Equals | 63 |
| Section | Between | 14 - 15 |
| Land Use Code | Equals | 0 |
| Sale Date | 12 Months Back | |

| # | Assessors Parcel Number | Approximate Acreage | Current Sale Price | Current Sale Date | Address | Living Area | Year Built |
|---|---|---|---|---|---|---|---|
| 1 | 160-15-812-002 | 14.36 | .4200000 | 02/27/2013 | 2030 LAKE LAS VEGAS PW | | |
| 2 | 160-15-812-003 | 8.38 | 4200000 | 02/27/2013 | 0 | | |
| 3 | 160-14-801-002 | 2.23 | 4200000 | 02/27/2013 | 0 | | |

— Multiple Parcel Sale

## Search Criteria

**Search Name:** TAXPROP Simple Search
**Date:** 26-Sept-2013 12:26:50 PM

| Search Criteria Field | Operator | Criteria |
|---|---|---|
| Township | Equals | 21 |
| Range | Equals | 63 |
| Section | Between | 22 – 23 |
| Land Use Code | Equals | 0 |
| Sale Date | 12 Months Back | |

| # | Assessors Parcel Number | Approximate Acreage | Current Sale Price | Current Sale Date | Address | Living Area | Year Built |
|---|---|---|---|---|---|---|---|
| 1 | 160-23-310-006 | 0.4 | 205000 | 05/16/2013 | 20 GRAND CORNICHE DR | | |
| 2 | 160-23-310-007 | 0.47 | 101000 | 12/11/2012 | 18 GRAND CORNICHE DR | | |
| 3 | 160-23-211-026 | 0.34 | 170000 | 07/09/2013 | 11 GRAND MIRAMAR DR | | |
| 4 | 160-23-211-037 | 0.27 | 138000 | 07/16/2013 | 28 GRAND MIRAMAR DR | | |
| 5 | 160-23-211-043 | 0.29 | 110000 | 07/12/2013 | 2 RUE COLLETE PL | | |
| 6 | 160-23-311-001 | 0.41 | 205000 | 05/01/2013 | 9 GRAND MIRAMAR DR | | |
| 7 | 160-23-212-027 | 0.26 | 110000 | 04/11/2013 | 17 GRAND MIRAMAR DR | | |
| 8 | 160-23-313-015 | 0.83 | 450000 | 11/27/2012 | 2 RUE MEDITERRA DR | | |
| 9 | 160-23-213-001 | 0.66 | 125500 | 03/27/2013 | 33 RUE MEDITERRA DR | | |
| 10 | 160-23-213-002 | 0.53 | 110500 | 03/27/2013 | 31 RUE MEDITERRA DR | | |
| 11 | 160-23-213-003 | 0.96 | 106000 | 03/27/2013 | 29 RUE MEDITERRA DR | | |
| 12 | 160-23-213-011 | 0.5 | 200000 | 11/20/2012 | 24 RUE MEDITERRA DR | | |
| 13 | 160-23-313-008 | 1.35 | 750000 | 05/15/2013 | 1 COSTA DEL SOL CT | | |
| 14 | 160-23-810-001 | 0.35 | 141000 | 06/25/2013 | 8 CAMINO BARCELONA PL | | |
| 15 | 160-23-810-005 | 0.32 | 119000 | 10/19/2012 | 1 CAMINO BARCELONA PL | | |
| 16 | 160-23-810-015 | 0.47 | 418000 | 12/19/2012 | 1 PLACA SANTA MARIA CT | | |
| 17 | 160-23-115-001 | 0.56 | 742000 | 12/19/2012 | 56 RUE MEDITERRA DR | | |
| 18 | 160-23-515-001 | 0.16 | 119000 | 07/17/2013 | 1 VIA DEL GARDA | | |
| 19 | 160-23-516-008 | 0.12 | 210000 | 12/18/2012 | 2 VIA LIDO | | |
| 20 | 160-23-516-009 | 0.14 | 100 | 01/11/2013 | 4 VIA LIDO | | |
| 21 | 160-23-518-012 | 0.26 | 175000 | 12/21/2012 | 4 VIA DI LUGANO | | |
| 22 | 160-22-222-006 | 10.53 | 5363 | 10/04/2012 | 0 | | |
| 23 | 160-23-813-001 | 0.25 | 310000 | 12/10/2012 | 0 | | |
| 24 | 160-23-813-002 | 0.19 | 310000 | 12/10/2012 | 0 | | |
| 25 | 160-23-813-003 | 0.16 | 310000 | 12/10/2012 | 0 | | |
| 26 | 160-23-813-004 | 0.15 | 310000 | 12/10/2012 | 0 | | |
| 27 | 160-23-813-005 | 0.14 | 310000 | 12/10/2012 | 0 | | |
| 28 | 160-23-813-006 | 0.15 | 310000 | 12/10/2012 | 0 | | |
| 29 | 160-23-813-007 | 0.16 | 310000 | 12/10/2012 | 0 | | |
| 30 | 160-23-813-008 | 0.18 | 310000 | 12/10/2012 | 0 | | |
| 31 | 160-23-813-009 | 0.21 | 310000 | 12/10/2012 | 0 | | |
| 32 | 160-23-813-010 | 0.21 | 310000 | 12/10/2012 | 0 | | |
| 33 | 160-23-813-011 | 0.2 | 310000 | 12/10/2012 | 0 | | |
| 34 | 160-23-813-012 | 0.18 | 310000 | 12/10/2012 | 0 | | |
| 35 | 160-23-813-013 | 0.18 | 310000 | 12/10/2012 | 0 | | |
| 36 | 160-23-813-014 | 0.18 | 310000 | 12/10/2012 | 0 | | |
| 37 | 160-23-813-015 | 0.18 | 310000 | 12/10/2012 | 0 | | |
| 38 | 160-23-813-016 | 0.19 | 310000 | 12/10/2012 | 0 | | |
| 39 | 160-23-813-017 | 0.2 | 310000 | 12/10/2012 | 0 | | |
| 40 | 160-23-813-018 | 0.17 | 310000 | 12/10/2012 | 0 | | |
| 41 | 160-23-813-019 | 0.17 | 310000 | 12/10/2012 | 0 | | |
| 42 | 160-23-813-020 | 0.23 | 310000 | 12/10/2012 | 0 | | |
| 43 | 160-23-813-021 | 0.16 | 310000 | 12/10/2012 | 0 | | |
| 44 | 160-23-813-022 | 0.2 | 310000 | 12/10/2012 | 0 | | |
| 45 | 160-23-813-023 | 0.24 | 310000 | 12/10/2012 | 0 | | |
| 46 | 160-23-813-024 | 0.2 | 310000 | 12/10/2012 | 0 | | |
| 47 | 160-23-813-025 | 0.18 | 310000 | 12/10/2012 | 0 | | |
| 48 | 160-23-813-026 | 0.19 | 310000 | 12/10/2012 | 0 | | |
| 49 | 160-23-813-027 | 0.2 | 310000 | 12/10/2012 | 0 | | |
| 50 | 160-23-813-028 | 0.2 | 310000 | 12/10/2012 | 0 | | |
| 51 | 160-23-813-029 | 0.19 | 310000 | 12/10/2012 | 0 | | |
| 52 | 160-23-813-030 | 0.18 | 310000 | 12/10/2012 | 0 | | |
| 53 | 160-23-813-031 | 0.2 | 310000 | 12/10/2012 | 0 | | |
| 54 | 160-23-813-032 | 0.2 | 310000 | 12/10/2012 | 0 | | |
| 55 | 160-23-813-033 | 0.2 | 310000 | 12/10/2012 | 0 | | |
| 56 | 160-23-813-034 | 0.2 | 310000 | 12/10/2012 | 0 | | |
| 57 | 160-23-813-035 | 0.26 | 310000 | 12/10/2012 | 0 | | |
| 58 | 160-23-813-036 | 0.12 | 310000 | 12/10/2012 | 0 | | |
| 59 | 160-23-813-037 | 0.63 | 310000 | 12/10/2012 | 0 | | |
| 60 | 160-23-813-038 | 0.65 | 310000 | 12/10/2012 | 0 | | |
| 61 | 160-23-813-039 | 1.61 | 310000 | 12/10/2012 | 0 | | |

*(handwritten annotations: "Aviation Federal banof", "LLV Sections", "15, 19", "22, 23", "27, 26")*

## Search Criteria

**Search Name:** GLVAR LND Simple Search
**Date:** 26-Sept-2013 11:49:37 AM

| Search Criteria Field | Operator | Criteria |
|---|---|---|
| Status | Equals | C , EA , ER , AU , P , S |
| Area | Equals | 603 |
| Township | Equals | 21 |
| Range | Equals | 63 |

## Search Statistics: 28 Listings

### 2 Contingent Offer Listings

| | Beds | Baths | Sq Ft | LP | LP/Sq Ft | SP | SP/Sq Ft | SP/LP | DOM |
|---|---|---|---|---|---|---|---|---|---|
| High | | | | $150,000 | | | | | 540 |
| Low | | | | $150,000 | | | | | 0 |
| Average | | | | $150,000 | | | | | 270 |
| Median | | | | $150,000 | | | | | 270 |

### 15 Active-Exclusive Right Listings

| | Beds | Baths | Sq Ft | LP | LP/Sq Ft | SP | SP/Sq Ft | SP/LP | DOM |
|---|---|---|---|---|---|---|---|---|---|
| High | | | | $4,500,000 | | | | | |
| Low | | | | $125,000 | | | | | |
| Average | | | | $587,193 | | | | | |
| Median | | | | $255,000 | | | | | |

### 11 Closed Listings

| | Beds | Baths | Sq Ft | LP | LP/Sq Ft | SP | SP/Sq Ft | SP/LP | DOM |
|---|---|---|---|---|---|---|---|---|---|
| High | | | | $249,000 | | $205,000 | | 111% | 1,320 |
| Low | | | | $99,500 | | $110,000 | | 79% | 15 |
| Average | | | | $167,854 | | $153,818 | | 92% | 415 |
| Median | | | | $150,000 | | $141,000 | | 93% | 277 |

### 28 Total Listings

| | Beds | Baths | Sq Ft | LP | LP/Sq Ft | SP | SP/Sq Ft | SP/LP | DOM |
|---|---|---|---|---|---|---|---|---|---|
| High | | | | $4,500,000 | | $205,000 | | 111% | 1,320 |
| Low | | | | $99,500 | | $110,000 | | 79% | 0 |
| Average | | | | $391,225 | | $153,818 | | 92% | 393 |
| Median | | | | $202,000 | | $141,000 | | 93% | 277 |

| # | Parcel # | Stat | #/G Acres | List Price | Sale Price | Act Close Date | Zoning | Master Plan | Road | Water | Sewer | ML # |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 160-23-516-005 | C | 0.0 | 150,000 | | | 1/2- | SINGLE | PAVED | 0-200 | 0-200 | 1232661 |
| 2 | 160-23-516-003 | C | 0.13 | 150,000 | | | 1/2- | 1/2- | PAVED | 0-200 | 0-200 | 1378847 |
| 3 | 160-22-710-032 | ER | 0.32 | 125,000 | | | 1/2- | 1/2- | PAVED,PRIVRD | 0-200 | 0-200 | 1205951 |
| 4 | 160-23-810-019 | ER | 0.42 | 174,900 | | | SINGLE | SINGLE | | PUBLIC | PUBLIC | 1379777 |
| 5 | 160-22-711-001 | ER | 0.3 | 187,000 | | | 1/2- | 1/2- | PAVED | 0-200 | 0-200 | 1360254 |
| 6 | 160-23-212-024 | ER | 0.39 | 199,000 | | | 1/2- | 1/2- | | PUBLIC,0-200 | PUBLIC,0-200 | 1316858 |
| 7 | 160-23-612-002 | ER | 0.39 | 199,000 | | | 1/2- | 1/2- | | 0-200 | 0-200 | 1373969 |
| 8 | 160-23-711-018 | ER | 0.038 | 222,000 | | | 1/2- | 1/2- | | PUBLIC | 0-200,PUBLIC | 1384499 |
| 9 | 160-23-612-025 | ER | 0.47 | 229,000 | | | 1/2- | 1/2- | PAVED | PUBLIC,0-200 | PUBLIC | 1369453 |
| 10 | 160-23-711-019 | ER | 0.63 | 255,000 | | | 1/2-2AC | 1/2-2AC | | PUBLIC | PUBLIC | 1384501 |
| 11 | 160-22-710-030 | ER | 0.44 | 290,000 | | | SINGLE | SINGLE | | PUBLIC | PUBLIC | 1355748 |
| 12 | 160-23-213-010 | ER | 0.52 | 295,000 | | | 1/2- | 1/2- | PAVED | 0-200 | 0-200 | 1213019 |
| 13 | 160-23-311-001 | ER | 0.41 | 299,000 | | | SINGLE | SINGLE | | 0-200 | 0-200 | 1364272 |
| 14 | 160-22-810-001 | ER | 0.62 | 373,000 | | | 1/2-2AC | 1/2-2AC | | 0-200 | 0-200 | 1360280 |
| 15 | 160-23-315-002 | ER | 0.37 | 465,000 | | | 1/2- | 1/2- | | PUBLIC | PUBLIC | 1358230 |
| 16 | 160-23-310-006 | S | 0.4 | 205,000 | 205,000 | 05/16/2013 | SINGLE | SINGLE | PAVED | 0-200 | 0-200 | 1238140 |
| 17 | 160-23-211-026 | S | 0.34 | 170,000 | 170,000 | 07/09/2013 | SINGLE | SINGLE | PAVED | 0-200 | 0-200 | 1289648 |
| 18 | 160-23-311-001 | S | 0.41 | 219,900 | 205,000 | 05/01/2013 | SINGLE | SINGLE | PAVED | 0-200 | 0-200 | 1289742 |
| 19 | 160-23-515-001 | S | 0.16 | 119,000 | 119,000 | 07/18/2013 | 1/2- | 1/2- | | PUBLIC | PUBLIC | 1076456 |
| 20 | 160-23-810-005 | S | 0.33 | 129,000 | 119,000 | 10/19/2012 | 1/2- | PUD | PAVED | 0-200 | 0-200 | 1266438 |
| 21 | 160-23-518-012 | S | 0.26 | 215,000 | 175,000 | 12/21/2012 | SINGLE | SINGLE | | 0-200 | PUBLIC,0-200 | 1273169 |
| 22 | 160-23-810-001 | S | 0.35 | 150,000 | 141,000 | 06/25/2013 | 1/2- | 1/2- | | PUBLIC | PUBLIC | 1191109 |
| 23 | 160-23-213-011 | S | 0.5 | 249,000 | 200,000 | 11/20/2012 | 1/2- | 1/2- | PAVED | 0-200 | 0-200 | 1209315 |
| 24 | 160-22-710-014 | ER | 0.0 | 995,000 | | | 1/2- | 1/2- | PAVED | 0-200 | 0-200 | 1364241 |
| 25 | 160-23-212-027 | S | 0.26 | 99,500 | 110,000 | 04/11/2013 | 1/2- | 1/2- | PAVED | 0-200 | 0-200 | 966907 |
| 26 | 160-23-211-037 | S | 0.27 | 150,000 | 138,000 | 07/16/2013 | 1/2-2AC | 1/2-2AC | PAVED | PUBLIC | PUBLIC | 1354832 |
| 27 | 160-23-211-043 | S | 0.29 | 140,000 | 110,000 | 07/12/2013 | 1/2- | 1/2- | PAVED | PUBLIC | PUBLIC | 1285934 |
| 28 | 160-23-216-003 | ER | 1.0 | 4,500,000 | | | SINGLE | SINGLE | DIRT,GRAVEL | 0-200 | 0-200 | 1330476 |